UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

CHRISTOPHER PULLEY,            )
                               )
    Plaintiff,                 )
                               )
v.                             )   No.: 14-3071-SEM-TSH
                               )
                               )
SPRINGFIELD POLICE             )
DEPARTMENT, T.W. DAY,          )
R. LEHR, and CITY OF           )
SPRINGFIELD,                   )
                               )
    Defendants.                )

## MERIT REVIEW OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Christopher Pulley's claims.

## I.
## MERIT REVIEW UNDER 28 U.S.C. § 1915(A)

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed in forma pauperis. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon

1

which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.*

The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012) (holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts

must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

Pulley is a pre-trial detainee who is currently being housed at the Sangamon County Detention Center awaiting trial. Pulley alleges that on February 28, 2013, Springfield Police Officers T.W. Day and R. Lehr used excessive force in arresting him.

According to Pulley, Officer Day stopped a vehicle in which Pulley was a passenger. After Officer Day and Officer Lehr conducted a search of the vehicle, Pulley asked Officer Lehr why he was being placed under arrest. Pulley then turned to face Officer Lehr because Officer Lehr did not respond to his inquiry.

Officer Lehr then took Pulley to the ground and slammed his head onto a storm drain. Thereafter, Pulley alleges that Officers Day and Lehr struck Pulley in the back of his head and on his neck. Pulley alleges that he was not resisting arrest and that his hands were pinned underneath his body. Pulley claims that he suffered

damages as a result of Officers Day and Lehr's use of excessive force.

"Claims of excessive force during arrest are analyzed under Fourth (not Eighth) Amendment jurisprudence." *Swift v. Rinella*, 2008 WL 4792700, * 2 (S.D. Ill. Oct. 31, 2008). As the United States Supreme Court has explained, the test for determining whether an officer used excessive force in arresting or subduing a suspect or an arrestee is difficult to precisely define, but the ultimate test is one of reasonableness that requires a careful balancing of the nature and quality of the intrusion of the individual's Fourth Amendment rights. *Graham v. Connor*, 490 U.S. 386, 396 (1989). Specifically, the Supreme Court has opined:

> Determining whether the force used to effect a particular seizure is "reasonable" under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake. Our Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it. Because the test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application, however, its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the

> suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.
>
> The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. The Fourth Amendment is not violated by an arrest based on probable cause, even though the wrong person is arrested, nor by the mistaken execution of a valid search warrant on the wrong premises. With respect to a claim of excessive force, the same standard of reasonableness at the moment applies. Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers violates the Fourth Amendment. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.
>
> As in other Fourth Amendment contexts, however, the "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional.

*Id.* at 396-97 (internal quotations and citations omitted).

In the instant case, the Court finds that Pulley's Complaint states a cause of action upon which relief can be granted against

5

Officers Day and Lehr. If, as Pulley alleges, Officers Day and Lehr repeatedly struck him in his back, head, and neck even though Pulley was not resisting arrest, Officers Day and Lehr may be liable to him for violating his Constitutional rights.

However, Pulley's Complaint fails to state a cause of action upon which relief can be granted against the Springfield Police Department and the City of Springfield. A city cannot be held vicariously liable under § 1983. *Richardson v. City of Chicago, Illinois*, 740 F.3d 1099, 1101(7th Cir. 2014). Instead, a "municipality can be liable under § 1983 only if its officers acted pursuant to: (1) an official policy; (2) a practice or custom that although not officially authorized, was widespread and well settled; or (3) instructions from a city official with final policy-making authority." *Gonzalez v. Village of West Milwaukee*, 671 F.3d 649, 664 (7th Cir. 2012).

Pulley's Complaint contains no allegations that could subject the City of Springfield or its Police Department to liability in this case. Pulley has not alleged any custom, practice, or policy regarding the excessive use force or on any other subject upon

which he could hold the City of Springfield and its Police Department liable to him under § 1983.

**IT IS, THEREFORE, ORDERED that:**

1. Pursuant to the Court's merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff's Complaint states a claim upon which relief can be granted against Defendants T.W. Day and R. Lehr for using excessive force against him. Any additional claim(s) shall not be included in the case except at the Court's discretion on a motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. The Court finds that Plaintiff's Complaint fails to state a cause of action upon which relief can be granted against the City of Springfield and the Springfield Police Department, and they are DISMISSED.

3. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be

denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4. The Court will attempt service on Defendants by mailing them a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed an Answer or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6. Defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under

the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

    7.    Once counsel has appeared for Defendants, Plaintiff need not send copies of his filings to that Defendants or to that Defendants' counsel.  Instead, the Clerk will file Plaintiff's documents electronically and send notices of electronic filing to defense counsel.  The notices of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

    8.    Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement.  Counsel for Defendants shall arrange the time for the deposition.

    9.    Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address

or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO: 1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; 2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES; AND 3) DISMISS THE CITY OF SPRINGFIELD AND THE SPRINGFIELD POLICE DEPARTMENT AS PARTY DEFENDANTS.**

**LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARHSAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).**

ENTER: April 1, 2014

FOR THE COURT:

                                                            s/ Sue E. Myerscough
                                               SUE E. MYERSCOUGH
                                      UNITED STATES DISTRICT JUDGE